CLERKS OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
1/12/18
JULIA C. DUDLEY, CLERK
BY: s/ K. DOTSON
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Crim. No. 5:17cr00011 |
| v. | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| ALISHA MARIE STOCKING, | ) | |
| Defendant. | ) | By:   Joel C. Hoppe |
| | ) | United States Magistrate Judge |

This case was referred to the undersigned magistrate judge for the purpose of conducting a felony guilty plea hearing. This report and recommendation is submitted to the presiding district judge under 28 U.S.C. § 636(b)(3). The defendant waived her right to plead before a United States District Judge and consented to proceed before the undersigned magistrate judge.

On January 11, 2018, the defendant appeared with counsel before the magistrate judge, who personally addressed the defendant and admonished her pursuant to Rule 11(b)(1)(A)–(O) of the Federal Rules of Criminal Procedure. Discussing the district judge's role of determining a sentence, the Court explained to the defendant that the sentencing range under the Sentencing Guidelines, which are advisory, not mandatory, would not be determined until a presentence report is written and a sentencing hearing held, that the district judge had the authority to impose a sentence more or less severe than called for in the guidelines, and that the sentence the defendant receives may be different than any estimate given by her attorney. The Court also admonished the defendant that if the district judge does not accept a recommendation set forth in the plea agreement, the defendant will still be bound by her plea and will have no right to withdraw it. The defendant stated that she understood the Court's admonishments. The attorney for the Government stated the essential terms of the plea agreement, which has been filed with the Court, and the defendant and her counsel agreed that those in fact were the terms of the

agreement. The defendant further stated that she had read the plea agreement and understood it. Accordingly, the undersigned finds that the defendant understands the charge to which she is pleading guilty and that her plea was knowingly made. Fed. R. Crim. P. 11(b)(1).

The Court also addressed the defendant personally as to her competency to plead and the voluntariness of her plea, specifically whether it resulted from force, threats, or promises other than promises made in a plea agreement or in open court.[1] Fed. R. Crim. P. 11(b)(2). Based on this discussion, the undersigned found the defendant to be sufficiently competent to enter a plea, that she desired to plead guilty, and that her plea was voluntary.

The government presented a statement of facts, which has been filed with the Court, regarding the offense to which the defendant pleaded guilty. The defendant testified that she read the statement of facts and discussed it with her attorney. She agreed that the statement of facts was accurate and did not contest those facts. The statement of facts presents the following:

The defendant was part of the "Chris" conspiracy, whose members distributed one kilogram of a substance containing heroin each week. The conspiracy operated out of Baltimore, Maryland beginning as early as 2013. Antwan Cottman, Sheldon Berry, Antwan Lucas, and Marcus Henderson were the principal suppliers. A second component of this conspiracy consisted of users/distributors from the Front Royal area who acquired heroin from the "Chris" conspiracy in Baltimore then used and re-distributed it.

The defendant travelled with Adrian Edwards and others to Baltimore three to four times a week to obtain heroin from others in the "Chris" conspiracy. On each trip, they obtained between ten and twenty-four grams of heroin. The defendant went on these trips hundreds of times in the two years before her arrest in November 2016. The defendant used the heroin to feed

---

[1] The attorney for the Government represented that he intended to file a motion for substantial assistance, absent any future breach of the plea agreement or withdrawal of cooperation by the defendant.

her addiction, and she distributed it in Front Royal. Law enforcement officers found her in possession of heroin in November 2015 and April 2016, and officers made controlled purchases from her three times in March and April 2016. The amount of heroin from the "Chris" conspiracy that was reasonably foreseeable to the defendant was between three and ten kilograms.

The undersigned finds that these facts provide a sufficient basis for the defendant's guilty plea to the charges of conspiracy to distribute and to possess with intent to distribute 1000 grams or more of heroin. Fed. R. Crim. P. 11(b)(3).

The defendant pleaded guilty to the offenses of knowingly and willfully conspiring to distribute and possess with intent to distribute more than 1000 grams of heroin, in violation of 21 U.S.C. § 846 (referencing 21 U.S.C. § 841(a)(1) and (b)(1)(A)), as charged in Count One of the Indictment.

The magistrate judge finds the following:

1. The defendant's guilty plea was taken by the undersigned subject to the acceptance of the plea and sentencing by the assigned district judge and after the defendant consulted with an attorney and executed oral and written waivers;

2. The defendant fully understands the nature of the charge and relevant penalties;

3. The defendant fully understands the terms of the plea agreement;

4. The defendant fully understands her constitutional and statutory rights and wishes to waive those rights;

5. The defendant's guilty plea was freely and voluntarily tendered;

6. The defendant is sufficiently competent to enter a guilty plea; and

7. An adequate factual basis exists to support this plea.

## RECOMMENDATION

The magistrate judge RECOMMENDS that the District Judge accept the plea of guilty and, after reviewing the pre-sentence investigation report, accept the plea agreement, and enter a final judgment finding the defendant guilty.

## RELEASE OR DETENTION PENDING SENTENCING

After entry of the plea, the undersigned conducted proceedings to determine the defendant's custody status pursuant to the standard set forth in 18 U.S.C. § 3143(a). Based on the following, the undersigned finds that clear and convincing evidence does not exist that the defendant is not likely to flee or pose a danger to the community if released:

The defendant has been held in pretrial detention and did not request release.

## NOTICE TO PARTIES

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14 day period, the Clerk is directed to transmit the record in this matter to the Honorable Michael F. Urbanski, Chief United States District Judge.

The Clerk shall send certified copies of this Report and Recommendation to all counsel of record.

ENTER: January 11, 2018

*/s/ Joel C. Hoppe*

Joel C. Hoppe
United States Magistrate Judge